## WESTERN MARYLAND RAILWAY CO. *v.* ROGAN ET AL., CONSTITUTING THE STATE TAX COMMISSION OF MARYLAND.

No. 205.   Argued November 28–29, 1950.—Decided February 26, 1951.

*William C. Purnell* argued the cause and filed a brief for appellant.

*Hall Hammond,* Attorney General of Maryland, and *Harrison L. Winter* argued the cause and filed a brief for appellees.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to *Canton R. Co.* v. *Rogan, ante,* p. 511.   This appellant likewise challenges the validity under Art. I, § 10, cl. 2 of the Constitution of the application of the Maryland franchise tax* to the extent

---

*Md. Ann. Code (1943 Supp.), Art. 81, §§ 94½ and 95.

that the gross receipts by which the tax is measured include revenues derived from the transportation of goods moving in foreign trade.

Western Maryland Railway Company is an interstate common carrier by rail with lines in Maryland, West Virginia and Pennsylvania. It operates several piers in the port of Baltimore for handling cargoes of coal, ores and general merchandise, as well as a grain elevator. A substantial proportion of Western Maryland's freight traffic from and to these facilities consists of the transportation of goods imported into or to be exported from the United States.

The present case concerns the taxable years 1945 and 1946. For 1945 Western Maryland reported gross receipts of $33,156,236.74, of which the State Tax Commission, pursuant to the statutory formula, apportioned $13,219,822.62 to Maryland. For 1946 the amounts were $30,844,132.74 and $12,322,817.41 respectively. In subsequent amended returns Western Maryland excluded from taxable receipts the sums of $2,505,322.58 for 1945 and $5,405,559.44 for 1946. It claimed that these amounts represented revenues from the transportation over its lines of exports and imports and were therefore beyond the state's power to tax. After a hearing, the Commission rejected this contention. Its assessment was sustained, and the case is here on appeal.

What we have said in *Canton R. Co.* v. *Rogan, supra,* is dispositive of this case. The present facts illustrate how wide a zone of tax immunity would be created if the contrary holding were made in the *Canton R. Co.* case. There we were dealing with the handling of exports and imports within a port. Here we have transportation of exports and imports to and from the port. If Maryland were required to grant tax immunity to the services involved in getting the exports to the port and the imports to their destination, so would any other

State. The ultimate impact of such a holding is difficult to measure, since manifold services are involved in the movement of exports and imports within the country. Problems of this nature, like many problems in the law, involve the drawing of lines. So far as taxes on activities connected with bringing exports to or imports from the ship are concerned, we think the line must be drawn at the water's edge. Whether loading and unloading would be exempt is a question we reserve.

*Affirmed.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.

[For opinion of MR. JUSTICE JACKSON, joined by MR. JUSTICE FRANKFURTER, reserving judgment in this case and in No. 96, *Canton R. Co.* v. *Rogan,* see *ante,* p. 511.]