Chief Judge Desmond.
The appeal by plaintiff, on constitutional grounds, is from a unanimous Appellate Division, First Department, affirmance of a summary judgment which dismissed the complaint and declared the New York City General Business and Financial Tax constitutional as applied to plaintiff’s receipts for services in New York City as a “freight forwarder ”, and denied recovery of taxes paid by plaintiff thereon for the year 1956. Plaintiff brought the action to have it declared that the tax (Administrative Code of City of New York, § B46-2.0) is unconstitutional as to plaintiff’s business receipts since, according to plaintiff, it is a tax for the privilege of conducting a business which is interstate and foreign, and an impost on exports (U. S. Const., art. I, § 8, cl. 3; art. I, § 10, cl. 2).
The facts are undisputed. All the receipts taxed are produced by plaintiff’s New York City activities. All the taxed activities are performed at the instance of and on behalf of either domestic exporters or foreign importers and, described most generally, involve services of appellant at New York City in co-ordinating and expediting the movement from inland points to ocean carriers of American-produced goods which are carried by ship to foreign ports.
It is important to keep in mind that the city is not taxing those receipts of plaintiff which are paid by the ocean carriers — that is, the brokerage fees from the carriers for booking the cargoes and for incidental services for acting as a “ foreign freight broker ’ ’. The receipts which are taxed by the city and which plaintiff claims cannot constitutionally be taxed are performed for and paid for by the exporter (or foreign importer) who is moving goods from an inland point to a seaboard point. They are, in other words, services as a “foreign freight forwarder ”. The taxed services are described generally by appellant as those of “an ocean freight forwarder in arranging for the movement of export cargo from an inland supply point across state lines to a foreign destination” and “forwarding of cargo by appellant from an inland point of origin to an overseas destination”. A little overstatement is involved there since appellant, while it books space on the ships and collects and is not taxed on its fee for so doing, never handles these goods at all and has no warehousing, stevedoring or other cargo-handling facilities or functions but performs for the shipper at *73 New York City incidental .services in helping the shipper get his goods to the right New York City pier at the right time. Appellant, of course, is not itself a shipper or exporter or common carrier, has no ownership of or other interest in the goods and never has actual or constructive possession of the goods or responsibility for them. It receives for its ‘ ‘ forwarding ’ ’ services not a commission but a fee based on the time appellant’s employees devote to each shipment. Its annual income (1956) for the forwarding part of its business was about $244,000. Most of its customers are American exporters. A few are overseas consignees.
The details of plaintiff’s operations as a forwarder are set out in the record. As a first step, appellant obtains from the exporter and checks the foreign import license and letter of credit. It advises the exporter as to what port to select for shipment and as to method and time of shipment to that point, then makes a space reservation on a particular vessel after checking its facilities and sailing and destination time. On their movement to seaboard the goods are consigned to appellant and appellant, if necessary, checks on their progress so that they will arrive on time. But appellant does not control or direct the railroad’s operations. It merely obtains information as to where the goods are from time to time. Carload lots usually reach seaboard by railroad and are lightered from New Jersey to a pier or to the ship. Smaller shipments come by motor trucks which carry them directly to the pier. Careful timing of arrival at the pier or ship is necessary so that the ship will not be delayed in sailing or the goods left behind. When necessary, appellant arranges for delivery to the pier or steamer and prepares a dock receipt which the ship’s master signs and which the ocean carrier uses as the basis for its bill of lading when later issued. Appellant prepares that bill of lading, putting the goods into the correct tariff classifications and gets the bill of lading signed at the steamship company’s New York City office. Appellant advances the ocean freight money. It prepares and files at the United States Customs Office the export declaration required by Federal law and arranges for insurance on the goods. Also, it performs other incidental services of the same kind and makes separate charges for some of them and for the printed forms it furnishes. There is in appellant’s brief a sort *74 of suggestion that appellant supervises or checks the loading of the goods onto the ship. However, the complaint does not so allege, there is no proof thereof and the affirmed finding is to the contrary. Appellant’s functions as forwarder, therefore, consist of “ tracing ” the shipment from inland to seaboard so that it will arrive on the pier on time, preparing a number of documents, getting them signed and filed with the Customs House or banks, and obtaining insurance, as agent of the shipper. Appellant, however, is not itself an insurer but a local insurance broker.
We agree with Special Term that all these forwarding activities were local. The cases principally relied on in the Special Term opinion are Canton R. R. Co. v. Rogan and Western Maryland Ry. Co. v. Rogan, both reported in Volume 340 of the United States Reports (pp. 511, 520) and both dealing with the same Maryland State tax. Canton was a railroad company which, operating entirely within the City of Baltimore, performed switching, storage, crane and wharfage services as to g’oods about to be shipped abroad. The Western Maryland Company operated piers in Baltimore and at those piers and at a grain elevator handled and stored goods about to be exported. Respondent says appellant’s services are essentially of the same kind as those held by the- Supreme Court (in Canton and Western Maryland) to be subject to local taxation.
Much of appellant’s brief is taken up by an elaborate showing of the importance and value of appellant’s services, which seems beside the point. The test is whether plaintiff’s local New York City activity is “ ‘ such an integral part of the interstate process, the flow of commerce, that it cannot realistically be separated from it ’ ” (Berkshire Spinning Associates v. City of New York, 5 N Y 2d 347, 354, appeal dsmd. 361 U. S. 3). Plaintiff has been exempted from the tax as to its income derived from acting as agent for the ocean carriers. The tax here is on its local services performed for noncarriers not including any actual transportation services or any responsibility for such service (see discussion as to appellant itself and other forwarders in United States v. American Union Transp., 327 U. S. 437). Appellant’s services are of course connected with and important to foreign commerce but they constitute a local business and are separate from such commerce.
*75 As to this tax violating the Import-Export Clause of the Federal Constitution (as distinguished from the Commerce Clause), the law is that even the handling at the port of goods about to be exported are taxable local activities since the export processes “begin and end at water’s edge” and “ any activity more remote than that does not commence the movement of the commodities abroad nor end their arrival and therefore is not a part of the export or import process ” (Canton R. R. Co. v. Rogan, 340 U. S. 511, 515, supra—-see, also, Western Maryland Ry. Co. v. Rogan, 340 U. S. 520, 522, supra). Appellant is not responsible for loading of the goods and does not have its representative present at that time and place although it must wait until they are loaded before it can tender the letter of credit to the bank.
The judgment appealed from should be affirmed, with costs.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.